UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MELBA TORRES AVILA,

    Plaintiff,

v.                                     Case No.:  2:22-cv-723-SPC-NPM

WALMART STORES EAST, LP
and EVAN STELLMACHER,

    Defendants.
                                     /

## OPINION AND ORDER[1]

Before the Court are two motions to dismiss the Amended Complaint, one from Walmart Stores East, LP (Doc. 21) and another from Evan Stellmacher (Doc. 22). Plaintiff Melba Torres Avila has responded only to Walmart's motion (Doc. 23), so the Court will treat Stellmacher's motion as unopposed, *see* Local Rule 3.01(c).

This slip and fall case arose in state court but arrived here through diversity jurisdiction. (Doc. 1). Plaintiff brings a four-count Amended Complaint against Walmart and Stellmacher. She sues each for both premises liability and "negligence under the non-delegable duty doctrine." (Doc. 3).

---

[1] Disclaimer: Papers hyperlinked to CM/ECF may be subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or their services or products, nor does it have any agreements with them. The Court is not responsible for a hyperlink's functionality, and a failed hyperlink does not affect this Order.

Defendants have moved to dismiss all but one count against Walmart under Federal Rule of Civil Procedure 12(b)(6).

A defendant can attack a complaint for failing to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). This means a party must plead more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a motion to dismiss, a court accepts all facts in the complaint as true and takes them in the light most favorable to the plaintiff. *See Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008) (citation omitted). But acceptance of a complaint's allegations is limited to the well-pled ones. *See La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (citations omitted).

The Court starts with Walmart's motion. It moves to dismiss the negligence claim under the non-delegable duty doctrine (Count II) because it is not a standalone cause of action and duplicates the claim for premises liability (Count I). Plaintiff disagrees. She argues, because premises liability and non-delegable duty are "fundamentally different with different legal rationales," the counts survive dismissal. (Doc. 23 at 4).

The non-delegable duty doctrine creates certain duties a business owner cannot delegate to an employee or independent contractor in order to escape liability. Assuming (without deciding) Plaintiff could pursue a non-delegable duty claim, the Amended Complaint is missing key facts for her to do so. The Amended Complaint doesn't even hint that Walmart delegated to anyone else its duty to safely maintain the store and warn invitees of dangerous conditions. Nor does Plaintiff's response to Walmart's motion clear up this defect. Rather, the response muddies the waters: "[S]ince both Defendant [sic] own [sic] different ownership responsibilities, they both owed Plaintiff a nondelegable duty to maintain the subject step[2] and area where the incident occurred in a reasonably and safe condition which business owners may not escape by hiring an employee or independent contractor to perform the nondelegable duty." (Doc. 23 at 4). At bottom, Plaintiff has not linked facts to the nondelegable duty claim. The Court thus grants Walmart's motion.

Turning to Stellmacher's unopposed motion to dismiss, Plaintiff sues him for premises liability (Count III) and negligence under the nondelegable duty doctrine (Count IV). Florida law says a store manager is not negligent "simply because of his general administrative responsibility for the performance of some function of his employment—he or she must be actively

---

[2] Earlier in Plaintiff's response, she says that she "fell on a slick floor caused by a spill of milk." (Doc. 23 at 1). So the reference to a "step" is misleading at best, and sloppy at worst.

3

negligent." *White v. Wal-Mart Stores, Inc.*, 918 So. 2d 357, 358 (Fla. Dist. Ct. App. 2005) (citation omitted). To maintain a claim against a store manager, a plaintiff must "allege and prove that the [store manager] owed a duty to the [plaintiff], and that the duty was breached through personal (as opposed to technical or vicarious) fault." *Id.*

To start, the Amended Complaint says neither why Stellmacher is a named defendant nor what his relationship was to Plaintiff and Walmart. It is only assumed that Plaintiff has sued Stellmacher because he was the store manager on the date of her accident. (Doc. 22 at 1 n.1). Even setting aside this basic factual problem, the Amended Complaint says nothing about Stellmacher being actively or personally negligent. And that's important because, as mentioned, Florida law says a store manager is not liable for negligence because of his general job duties. *See White*, 918 So. 2d at 358.

All Counts III and IV say is that Stellmacher "owed Plaintiff duties to maintain the premises in a reasonably safe condition, and to warn Plaintiff of dangerous conditions on their premises," (Doc. 3 at 7) and "by virtue of their ownership, control, and/or possession of the premises, [Stellmacher] owed Plaintiff a common law non-delegable duty to maintain the premises in a reasonably safe condition," (Doc. 3 at 10). But nowhere does either count bring facts about Stellmacher's active negligence. Counts III and IV offer boilerplate language on how Stellmacher allegedly breached his general administrative

4

responsibility as the store manager. For example, it faults Stellmacher for not inspecting the wet floor, training employees to inspect for dangerous conditions, and installing a safe flooring surface. (Doc. 3 at 8-12). These allegations are not enough. *See, e.g.*, *Petigny v. Wal-Mart Stores E., L.P.*, No. 18-23762-CIV, 2018 WL 5983506, at *4 (S.D. Fla. Nov. 13, 2018) (finding that the complaint to be insufficient because "[p]laintiff does not allege facts showing that [the store manager] caused grapes to be on the floor, was told the grapes were on the floor, knew or should have known about the grapes being on the floor, or was in the area of [p]laintiff's incident prior to same in order to correct it"). Even giving Plaintiff every reasonable benefit, this case "appears to be a run of the mill slip and fall case in which the store manager individually has no liability." *Boyd v. Petco Animal Supplies Stores, Inc.*, No. 3:18-cv-639-J-32PDB, 2018 WL 4360621, at *3 (M.D. Fla. Sept. 13, 2018) (finding fraudulent joinder of the store manager when the allegations were "not specific and direct; rather, they are conclusory" and the plaintiff "has provided no facts demonstrating that [the store manager] played any role in [plaintiff's] injuries"). Because Counts III and IV fail to state plausible claims, the Court grants Stellmacher's motion to dismiss.

    Accordingly, it is now

**ORDERED:**

5

1. Defendant Walmart Stores East, LP's Motion to Dismiss the Amended Complaint (Doc. 21) is **GRANTED**.

2. Defendant Evan Stellmacher's Motion to Dismiss the Amended Complaint (Doc. 22) is **GRANTED**.

3. Plaintiff is **DIRECTED** to file a second amended complaint consistent with this Opinion and Order on or before **July 5, 2023**.

**DONE** and **ORDERED** in Fort Myers, Florida on June 20, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record